UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 21-10208-NMG |
| | ) | |
| (5) ROBYN COSTA, | ) | |
| Defendant. | ) | |

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by its attorney, Rachael S. Rollins, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case, pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure. A proposed Preliminary Order of Forfeiture is submitted herewith. In support thereof, the United States sets forth the following:

1. On September 1, 2021, the United States filed a fifteen-count Superseding Indictment, charging Robyn Costa (the "Defendant"), and others, with Conspiracy to Distribute and to Possess With Intent to Distribute 500 Grams or More of a Mixture and Substance Containing Methamphetamine, in violation of 21 U.S.C. § 846 (Count One); Possession With Intent to Distribute 50 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) (Count Eight); and Possession of a Firearm in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Nine).[1]

2. The Superseding Indictment contained a Firearm Forfeiture Allegation,[2] pursuant

[1] The Defendant was not charged in the remaining counts of the Superseding Indictment.

[2] The Superseding Indictment also contained a Drug Forfeiture Allegation and a Money Laundering Forfeiture Allegation, but none of the assets specifically named as forfeitable in either of those forfeiture allegations belong to the Defendant.

to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), which provided notice that the United States would seek forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in Counts Nine and Ten of the Superseding Indictment, of any firearm or ammunition involved in or used in any knowing commission of the offenses. The property to be forfeited from the Defendant included, but was not limited to, the following:

(a) A Smith and Wesson Bodyguard .380 semi-automatic pistol, bearing serial number KEM4480, seized on or about April 3, 2021, from Robyn Costa; and

(b) Four rounds of GFL .380 ammunition, seized on or about April 3, 2021, from Robyn Costa

(collectively, the "Firearm and Ammunition").[3]

3. The Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant, up to the value of the property described in Paragraph 2 above.

4. On November 29, 2022, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One, Eight, and Nine of the Superseding Indictment, pursuant to a written plea agreement signed by the Defendant on

[3] The Firearm and Ammunition are the only assets named in the Firearm Forfeiture Allegation that are forfeitable from the Defendant.

January 27, 2022. *See* Docket No. 268.

5. Based upon the terms as described in Section 6 of the written plea agreement, the Defendant agreed to waive and release any claims to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of the instant criminal case, and the Defendant consented to the forfeiture of all such assets. *Id*. at 4.

6. In light of the Defendant's guilty plea, and admissions in the written plea agreement, the United States has established the requisite nexus between the Firearm and Ammunition and the offenses to which the Defendant pled guilty. Accordingly, the Firearm and Ammunition are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

7. Pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Firearm and Ammunition.

8. Upon the issuance of a Preliminary Order of Forfeiture, and pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Firearm and Ammunition, and notice that any person, other than the Defendant, having or claiming a legal interest in the Firearm and Ammunition must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual

notice, whichever is earlier.

9. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Firearm and Ammunition, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Firearm and Ammunition and any additional facts supporting the petitioner's claim and the relief sought.

10. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Firearm and Ammunition that is the subject of the Preliminary Order of Forfeiture as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States requests that this Court:

(a) enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b) include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence;

(c) retain jurisdiction for the purpose of enforcing the forfeiture; and

(d) incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney,

By: */s/ Carol E. Head*

ALATHEA E. PORTER
CAROL E. HEAD
Assistant United States Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
Carol.Head@usdoj.gov

Date: March 20, 2023